Argued and submitted August 3, affirmed September 26, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## RAY ALLEN SADDLER,
*Appellant.*

(B64-863; CA A32344)

688 P2d 428

Robert C. Homan, Staff Attorney, Public Defender Services of Lane County, Inc., Eugene, argued the cause and filed the brief for appellant.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant pleaded guilty to a charge of contributing to the sexual delinquency of a minor. ORS 163.435. He was placed on probation, one of the conditions of which was that he make a repayment to the State of Oregon of $100 as part of the cost of his court-appointed counsel, pursuant to ORS 161.665.

Defense counsel made the following objection to that condition:

"The court mentioned the imposition of a condition that he repay attorney fees. I have; I'm obliged to make an objection to that based upon the case that the court's aware of, named *Fitch v. Belshaw,* the District Court for the State of Oregon.

"* * * * *

"I think the argument that I must make is that the 161 statute refers back to the 135 statute that was declared unconstitutional."[1]

In *Fitch v. Belshaw,* 581 F Supp 273 (D Oregon 1984), the United States District Court for Oregon held that a different recoupment statute, ORS 135.055(6), applicable to both acquitted and convicted defendants, was unconstitutional and violated the Sixth Amendment and the Due Process Clause. Defendant argues that ORS 161.665,[2] applicable

---

[1] There is no merit to defendant's claim that the court failed to determine his ability to pay. Defendant agreed that he could pay $100 at the rate of $20 per month. The court ordered him to pay $20 every other month.

[2] ORS 161.665 provides:

"(1) The court may require a convicted defendant to pay as costs those expenses specially incurred by the state in prosecuting the defendant. Costs include the compensation of counsel appointed pursuant to ORS 135.045 or 135.050 and expenses approved under ORS 135.055(5). Costs shall not include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law.

"(2) The court, after the conclusion of any appeal of its initial judgment of conviction, may include in its final judgment or modify the judgment to include a requirement that a convicted defendant pay as costs the compensation of counsel appointed pursuant to ORS 138.500, including counsel who is the Public Defender established by ORS 151.280 or counsel who is under contract to provide services for the appeal pursuant to ORS 151.150, and costs and expenses allowed by the

only to convicted defendants, is also unconstitutional, because it incorporates a reference to ORS 135.055(5).

The constitutionality of the pre-1981 version of ORS 161.665[3] was expressly upheld in *Fuller v. Oregon,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974), against the challenge made here that it violates the Sixth Amendment right to counsel. The court emphasized that the right to counsel is not adversely affected if repayment of the cost of counsel is required only from defendants able to pay without hardship. The court noted with approval the statute's provisions designed to insure that the burden of repayment not fall on defendants unable to afford it.

"* * * [S]everal conditions must be satisfied before a person may be required to repay the costs of his legal defense. First, a requirement of repayment may be imposed only upon

---

appellate court under ORS 138.500(3).

"(3) The court shall not sentence a defendant to pay costs unless the defendant is or may be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

"(4) A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced the defendant for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the immediate family of the defendant, the court may remit all or part of the amount due in costs, or modify the method of payment under ORS 161.675."

[3] Before 1981, ORS 161.665 provided:

"(1) The court may require a convicted defendant to pay costs.

"(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law.

"(3) The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

"(4) A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced him for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or his immediate family, the court may remit all or part of the amount due in costs, or modify the method of payment under ORS 161.675."

a *convicted* defendant; * * * Second, a court may not order a convicted person to pay these expenses unless he 'is or will be able to pay them.' Ore Rev Stat § 161.665(3). The sentencing court must 'take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.' Ibid. * * * Third, a convicted person under an obligation to repay 'may at any time petition the court which sentenced him for remission of the payment of costs or of any unpaid portion thereof.' Ore Rev Stat § 161.665(4). The court is empowered to remit if payment 'will impose manifest hardship on the defendant or his immediate family. . . .' Ibid. Finally, no convicted person may be held in contempt for failure to repay if he shows that 'his default was not attributable to an intentional refusal to obey the order of the court or to a failure on his part to make a good faith effort to make the payment . . . .' Ore Rev Stat § 161.685(2)." 417 US at 45-46. (Emphasis in original.)

The court rejected the plaintiff's "chilling effect" argument, because the statute

"* * * is carefully designed to insure that only those who actually become capable of repaying the State will ever be obliged to do so. [Footnote omitted.] Those who remain indigent or for whom repayment would work 'manifest hardship' are forever exempt from any obligation to repay." 417 US at 53.

Defendant contends that subsequent legislative action has rendered the present version of ORS 161.665 unconstitutional. In 1979, the legislature enacted ORS 135.055(6), which provides:

"Upon completion of all services by the counsel appointed pursuant to ORS 135.045 or 135.050, the court shall determine whether the person for whom counsel was appointed is able to pay a portion of the compensation and expenses paid by a county or the state. In determining whether the person is able to pay such portion, the court shall take into account the other financial obligations of the person, including any fine or order to make restitution. In addition to any agreement to repay under ORS 135.050(4), if the court determines that the person is able to pay such portion, the court may order the person to pay the portion to the appropriate officer of the county or state."

In *Fitch v. Belshaw, supra,* the U.S. District Court for Oregon held that ORS 135.055(6) was unconstitutional, because it did

not contain the safeguards approved in *Fuller*. In 1981, the legislature amended ORS 161.665 to include a reference to ORS 135.055(5). As a result, defendant argues that a once constitutional recoupment scheme has been rendered unconstitutional.

His argument fails for at least two reasons. First, the only portion of ORS 135.055 held unconstitutional was subsection (6). ORS 161.665 refers only to subsection (5), which simply sets out the procedure by which appointed counsel shall support a request for attorney fees.[4] It has nothing to do with recoupment of those fees or other costs.

■ Second, as can be seen by comparing the pre-and post-1981 versions of ORS 161.665, the only substantive change made was to include the sentence "costs include the compensation of counsel appointed pursuant to ORS 135.045 or 135.050 and expenses approved under ORS 135.055(5)." All the safeguards approved by the Supreme Court in *Fuller* remain in the recoupment scheme in the current version of ORS 161.665.

Affirmed.

---

[4] ORS 135.055(5) provides:

"Upon completion of all services by the counsel appointed pursuant to ORS 135.045 or 135.050, the counsel shall submit to the court an affidavit containing an accurate statement of all reasonable expenses of investigation, preparation and presentation paid or incurred, supported by appropriate receipts or vouchers. The court shall thereupon enter an order directing payment of the amount of the expenses approved by the court to the counsel:

"(a) By the county, in respect to a proceeding in a county or justice's court.

"(b) By the state from funds available for the purpose, in respect to a proceeding in a circuit or district court."